James W. Smith, III, Tampa, FL, for Defendant–Appellant.

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Ruby Lee Saunders appeals the denial of her motion to reduce her sentence. 18 U.S.C. § 3582(c)(2). Saunders moved to reduce her sentence based on Amendment 706 to the Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine. We affirm.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James,* 548 F.3d 983, 984 (11th Cir.2008) (per curiam). A district court may modify a sentence for a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* A sentence modification is not consistent with the policy statements when an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(2)(B).

Saunders's argument is foreclosed by precedent. In *United States v. Moore,* we held that, when a defendant's base offense level is calculated under the career offender provision, U.S.S.G. § 4B1.1, Amendment 706 does not lower the defendant's guideline range and the defendant is ineligible for a sentence modification under section 3582(c)(2). 541 F.3d 1323, 1330 (11th Cir.2008). Saunders was sentenced as a career offender. We affirm the denial of Saunders's motion to reduce her sentence.

**AFFIRMED.**

**George POWELL, Viliam Kralovic, Anousheh Sarfaraz, Mark Donahay, Errol Robinson, Carlos Betancourt, Alphonso McIntyre, Luis Loizaro, Miomir Mausimcev, Ed Mazzeo, Plaintiffs–Appellants Cross–Appellees,**

**Francisco Rengifo, Oscar R. Perez, John Joseph Humphreys, Wilhelm Braga Pereira, Juan C. Alba, Plaintiffs–Counter–Defendants–Appellants Cross–Appellees,**

**Alvin J. Harvard, et al., Plaintiffs,**

Glasser, Boreth & Kleppin, Interested–Party–Appellant Cross–Appellee,

v.

CAREY INTERNATIONAL, INC., a Delaware corporation qualified to do business in the State of Florida, Carey Limousine Florida, Inc., a Delaware corporation qualified to do business in Florida, Defendants–Counter–Claimants–Appellees Cross–Appellants,

Vince Wolfington, et al., Defendants.

No. 08–11523.

United States Court of Appeals,
Eleventh Circuit.

April 21, 2009.

Chris Kleppin, Glasser, Boreth & Kleppin, P.A., Plantation, FL, for Plaintiffs–Appellants Cross–Appellees/Plaintiffs–Counter–Defendants–Appellants Cross–Appellees/Interested–Party–Appellant Cross–Appellee.

James R. Wiley, Carlton Fields, P.A., Tampa, FL, Patricia H. Thompson, Kristy M. Johnson, Carlton Fields, P.A., Miami, FL, for Defendants–Counter–Claimants–Appellees Cross–Appellants.

Before CARNES, HULL and COX, Circuit Judges.

PER CURIAM:

The appeal by the plaintiffs in this case raises a number of issues involving the district court's order awarding attorney's fees, and the cross-appeal questions the district court's order denying defendant's motion for sanctions. The standard of review applicable to all of the issues is abuse of discretion, and the discretion afforded the district court in these matters is considerable. We have read the briefs and the pertinent parts of the record, engaged counsel concerning the issues at oral argument, discussed the matters at some length among ourselves, and thoroughly considered all of the arguments. Having done so, we are convinced that the district court did not abuse its discretion in any of the actions that were raised in the appeal or cross-appeal.

AFFIRMED.